UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

PICTOMETRY INTERNATIONAL CORPORATION,

                                    Plaintiff,

                                                        DECISION AND ORDER

                                                         09-CV-6517L

                v.

GEOSPAN CORPORATION, et al.,

                                    Defendants.

_____

        This is a patent infringement case brought by Pictometry International Corporation ("Pictometry") against Geospan Corporation ("Geospan"). This Court has previously referred all pretrial motions to Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. § 636(b)(1).

        On September 28, 2010, Magistrate Judge Feldman issued a Decision and Order (Dkt. #32) granting Geospan's motion to transfer this action to the District of Minnesota. Pictometry now appeals from that decision. Pictometry has also moved for leave to supplement its papers on appeal based upon "new evidence." For the reasons that follow, Pictometry's motion for leave to supplement the record is granted, but its appeal is denied.

**DISCUSSION**

        "A motion to transfer does not address the merits of a case but merely changes the forum of an action. It is, therefore, a non-dispositive matter that is within the province of a magistrate judge's authority." *Brotherhood of Locomotive Engineers and Trainmen v. Union Pacific R.R. Co.*, No. CV10–1366, 2011 WL 1706216, at *3 (D.Or. May 5, 2011). Decisions concerning "[m]otions to

transfer venue are non-dispositive and, therefore, subject to th[e] 'clearly erroneous' or 'contrary to law' standard of review." *In re Heckmann Corp. Sec. Litigation*, C.A. No. 10–378, 2011 WL 1219230, at *1 (D.Del. Mar. 31, 2011) (citing 28 U.S.C. § 636(b)(1)(A)).

In the case at bar, Magistrate Judge Feldman set forth a number of reasons why this case should be transferred to the District of Minnesota. They included the convenience of the parties, the locus of operative facts and the relative ease of access to sources of proof, and the interests of trial efficiency and of justice. *See* Dkt. #32 at 8-17. Although Pictometry contends that those findings were erroneous, nothing in the record convinces me that the magistrate judge erred in making those findings. Magistrate Judge Feldman set forth the factual basis for his conclusions at some length, and I see no need to repeat that here, but suffice it to say that this action involves acts of alleged infringement in Minnesota, where much of the relevant evidence, and many of the relevant witnesses, are located.

A significant factor in Magistrate Judge Feldman's decision was the fact that, at the time that he issued that decision, a related action was pending in the District of Minnesota ("Minnesota action"). In that action, which was filed by Geospan against Pictometry in March 2008, Geospan alleged that Pictometry's patent ("the '356 patent") infringes upon Geospan's patent ("the '946 patent"). Geospan brought that action after receiving two letters from Pictometry intimating that Geospan's '946 patent may have infringed on Pictometry's '356 patent.

In August 2008, District Judge Ann D. Montgomery of the District of Minnesota issued a Memorandum Opinion and Order granting Pictometry's motion to dismiss two of the three counts of the complaint in that case, which sought a declaratory judgment that Geospan had not infringed Pictometry's '356 patent, and that Pictometry's '356 patent is invalid. 598 F.Supp.2d 968. That left one count remaining, in which Geospan alleged that Pictometry has infringed Geospan's Patent by marketing services employing the technology covered by Geospan's patent.

Judge Montgomery based that decision in part on Pictometry's argument that its letters to Geospan did not create a substantial controversy because Pictometry had not taken any position on

whether Geospan had infringed the '356 Patent. Following Judge Montgomery's decision, however, Pictometry filed the present action in October 2009, alleging that Geospan has infringed the '356 patent.

In its motion to supplement the record on appeal, Pictometry has advised this Court that on March 31, 2011, Judge Montgomery issued a Memorandum Opinion and Order on the parties' cross-motions for summary judgment. Judge Montgomery denied Pictometry's motion, insofar as it sought a declaration that Geospan's '946 patent is invalid. However, she also granted Pictometry's motion, and denied Geospan's motion, on the issue of infringement, finding that Pictometry had not infringed the '946 patent. 2011 WL 1261583. The Minnesota action was then closed, and Geospan's appeal from Judge Montgomery's decision is now pending before the Court of Appeals for the Federal Circuit.

Pictometry contends that Judge Montgomery's dismissal of the Minnesota action lends support to Pictometry's contention that this case should not be transferred to Minnesota. In short, Pictometry argues that since Magistrate Judge Feldman based his decision in part on the then-pendency of the Minnesota action, the fact that the Minnesota action has now been closed vitiates that rationale. From Pictometry's perspective, then, since the Minnesota case has been dismissed, there is no good reason to transfer this case to that district.

Inasmuch as Judge Montgomery's March 31 decision has some relevance to the issues before me, I grant Pictometry's motion for leave to supplement its papers on appeal from Magistrate Judge Feldman's decision, and I take judicial notice of Judge Montgomery's decision. At the same time, however, despite the fact that the Minnesota action is now closed, I see no basis here upon which to reverse Magistrate Judge Feldman's order. Many of the factors that the magistrate judge cited in his decision, such as the convenience of the parties, the locus of the operative facts, and the relative ease of access to sources of proof, continue to weigh in favor of transfer. Certainly his findings in that regard cannot be said to be clearly erroneous.

Furthermore, although the Minnesota action is no longer pending before that district court, the appeal remains pending in the Federal Circuit.  In addition, even if the issues in the instant case are not identical to those in the Minnesota action, Judge Montgomery is by now quite familiar with the relevant patents and the general nature of the dispute in this case.[1]  Thus, the interests of judicial economy would continue to be best served by a transfer of this case to the District of Minnesota.  *See In re Volkswagen of America, Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009) ("Although these cases may not involve precisely the same issues, there will be significant overlap and a familiarity with the patents could preserve time and resources" by having the same district court try two cases involving the same patents); *Paltalk Holdings, Inc. v. Sony Computer Entertainment America Inc.*, No. 2:09-CV-274, 2010 WL 3517196, at *7 (E.D.Tex. Sept. 3, 2010) (stating that "[t]his Court previously adjudicated a lawsuit involving the same patents with the same plaintiff," and that "this Court's extensive and recent experience with both of the patents in suit weighs overwhelmingly against transfer on the basis of judicial economy"); *Mentor Graphics Corp. v.  Quickturn Design Systems, Inc.*, 77 F.Supp.2d 505, 512 (D.Del. 1999) (stating that because "there is some overlap in the parties, technologies, and accused products in this case and [another action in the proposed transferee district], there may be some efficiencies gained by litigating both actions in the same District").

Because the Minnesota case was filed first and had been pending for some two and a half years when Judge Feldman issued his decision, it is not remarkable that the Minnesota action concluded prior to this action in the Western District of New York.  That occurrence, though, does not preclude transfer now.  It was never necessary that the actions would track together or be

---

[1]While there is no guarantee that Judge Montgomery would be assigned this case upon transfer, the attorneys in this case advised the Court at oral argument that the usual practice in the District of Minnesota is to assign a newly-filed or transferee case to a judge who has dealt with a prior related case, unless the judge in question declines to accept it.  That policy is similar to the general rule in this District.  *See* WDNY Local Rule 5.1(e).

consolidated, and this Court's finding that judicial economy would be served by a transfer is not dependent on the two cases being resolved simultaneously.

## CONCLUSION

The appeal by plaintiff Pictometry International Corporation from Magistrate Judge Jonathan W. Feldman's Order (Dkt. #32) granting defendant Geospan Corporation's motion to change venue (Dkt. #11) is denied, and Magistrate Judge Feldman's decision is affirmed in all respects. The Clerk of the Court is hereby directed to transfer this action to the United States District Court for the District of Minnesota.

Plaintiff's motion (Dkt. #40) for leave to file a supplement to its papers on appeal from the magistrate judge's order is granted.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
May 12, 2011.

- 5 -